IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTELLA CARRILLO,

     Plaintiff,

vs.                                               CV 11-277 WPL/CG

FORD MOTOR COMPANY, INC.
PERMIAN FORD-LINCOLN-MERCURY, INC.,
JOHN DOES 1-3, and ROE CORPORATIONS A-C,

     Defendants.

## ORDER DENYING EXTENSION OF TIME

**THIS MATTER** is before the Court on Defendant Ford Motor Company's *Request for Status Conference.* (Doc. 49). Defendant requested a status conference to discuss the "gross deficiencies" in Plaintiff's expert disclosures. (*Id.*). Plaintiff acknowledged Defendant's concerns and made an oral request for a 30 day extension of time to submit or supplement its expert disclosures. The Court, having considered the request, having heard from the parties at a status conference on March 13, 2012, and otherwise being fully advised in the premises, **FINDS** that the request for an extension is not well-taken and will be **DENIED**.

This case was originally filed in New Mexico State Court and Plaintiff asserted product liability and negligence claims for injuries suffered when her 2007 Ford SUV supposedly "jumped" out of park unexpectedly and hit her. (Doc. 1-1 at 1-7). The case was removed to the United States District Court for the District of New Mexico in March of 2011. In their *Joint Status Report and Provisional Discovery Plan*, the parties requested over 8 months in order to complete discovery. (Doc. 15 at 13). The Court assigned the case to a

240 day "complex" track and set January 12, 2012, as the deadline to complete discovery. (Doc. 19 at 1).

Since then, Plaintiff has struggled to prosecute the case and to meet numerous deadlines set by the Court. In May of 2011 the parties began the discovery process and agreed to participate in a settlement conference with the Court. (Doc. 15 at 14; Doc.21). The settlement conference was set for September 13, 2011, but it was not until August 29, five months after the case was removed to federal court, that Plaintiff admitted she still had not located the vehicle which was the subject of the lawsuit. (Doc. 29 at 1). As a result, the Court had to cancel the settlement conference. (Doc. 32; Doc. 35). At that time, the parties informed the Court that they could not proceed with discovery until the car was located. (Doc. 35).

On November 3,  2011, Plaintiff advised that the subject car had been located and the parties requested that the scheduling order be amended because they had not conducted any discovery for several months. (Doc. 40). The Court directed the parties to submit a joint motion stipulating to new discovery deadlines. (*Id.*). No motion was received until December 7, 2011, more than a month after the Court ordered the parties to provide new discovery deadlines. (Doc. 41). The motion was prepared solely be defense counsel, who stated that Plaintiff's counsel had not responded to his many requests to confer about a stipulated discovery extension. (*Id.* at 1).

The Court held a status conference and again ordered the parties to submit a stipulated motion no later than December 20, 2012, demonstrating good cause to extend the discovery deadlines. (Doc. 44). Plaintiff failed to meet the December 20 deadline but did file a motion on December 21, requesting that discovery be extended until May 14,

2012, and that the deadline for the parties to submit their expert witness disclosures be extended to February 16, and March 22, respectively. (Doc. 45). Plaintiff's stated the extension was necessary because "Plaintiff's counsel is a sole practitioner and as a result of conflicts in scheduling, and a heavy case load[,] has not had an opportunity to conduct nor complete discovery in this matter." (*Id.* at 1). The Court granted the motion and reset the discovery deadlines. (Doc. 46).

Plaintiff again missed the relevant deadlines established in the amended scheduling order. Plaintiff's expert disclosures were due on later than February 16, 2012, but were not filed. On February 21 Plaintiff filed a *Notice of Disclosure of Expert Witness*. (Doc. 47). As stated by Defendants in their *Request for Status Conference*, the notice was grossly deficient. The notice merely gave the names of Richard Johnson and Billy Rickles and stated that they would be called as expert witnesses. (*Id.*). The notice stated that Mr. Johnson "will testify as an expert regarding owning, operating, his service and sales of automobiles from 1974 to present" while Mr. Rickles would testify "as an expert Certified Mechanic for 35 years and his experience repairing various makes and mobiles[1] of automobiles, including, but not limited to, 2007 Ford Explorers." (*Id.*). The notice gave no other information about Mr. Johnson and Mr. Rickles. There is no indication that the notice included the required written report setting out, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them . . . the facts or data considered by witness in forming them . . . any exhibits that will be used to summarize or support them . . . [and] the witness's qualifications . . ." *See* FED. R. CIV. P. 26(a)(2)(B)(i)-

---

[1] The Court assumes Plaintiff's counsel meant to say "models" and not "mobiles"

3

(vi).

The submission of Plaintiff's deficient expert witness reports brings us now to Defendant's *Request for Status Conference*. Plaintiff's counsel orally stated during the status conference that he needed another thirty days in order to disclose a third expert. Counsel's sole explanation for his failure to comply with discovery deadlines up to this point is that some members of his office have retired and some have been ill. He states that he himself suffered greatly from the flu. While the Court is sympathetic to counsel's health problems, his inability to comply with discovery deadlines and orders of the Court has been ongoing for many months. Plaintiff's counsel initially pursued this case for five months before informing the Court that he did not know where the subject vehicle was, resulting in the last minute cancellation of the settlement conference. The case was put on hold for over two months until Plaintiff could locate the vehicle. Since then he has repeatedly missed deadlines and disobeyed court orders without showing good cause. The Court will therefore **DENY** Plaintiff's oral request for an extension of time.

Defense counsel did not pursue the possible 30-60 day extension of time to submit Defendant's own expert witness disclosures at the status conference. Therefore, the pretrial deadlines established in the amended scheduling order, (Doc. 46), remain in effect.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE